# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE: JOINTLY MANAGED R.S. 2477 ROAD CASES LITIGATION,[*]<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA et al.,<br><br>Defendants, and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, et al.,<br><br>Intervenor-Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>Case Nos: 2:10-cv-1073<br>              2:11-cv-1045<br><br>Judge Clark Waddoups |

Before the court are competing discovery motions from Plaintiff State of Utah and Intervenor-Defendant Southern Utah Wilderness Alliance (SUWA). (State's Motion to Quash, ECF No. 368; SUWA's Motion to Strike, ECF No. 377.)[1] The motions seek resolution of the question of whether Automated Geographic Reference Center (AGRC) must respond to a subpoena SUWA served on it in late January. After SUWA served the subpoena and the parties made some effort to resolve the dispute independent of the court, the State objected by filing a

---

[*] Certain R.S. 2477 road cases have been transferred to Judge Waddoups for case management purposes only. For simplicity, case management orders addressing any of these cases shall be referred to as "In re: Jointly Managed R.S. 2477 Road Cases Litigation." The caption, however, lists the particular case numbers to which this order pertains and this order shall be docketed in each of the listed cases.

[1] All record citations are to *Kane County v. United States*, 2:10-cv-1073.

Motion to Quash, which motion SUWA has moved to strike. Neither Plaintiff Kane County nor Defendant United States of America has participated in this dispute.

**Motion to Strike**

Although there is some question as to the timeliness of the State's motion to quash, the court DENIES SUWA's motion to strike because the motion to quash was no more than one day late and because the motion to quash presents issues that may recur.[2] Resolution of these issues, may benefit the parties as they proceed through discovery on a relatively tight timeframe in this particularly complex case.

**Motion to Quash**

The State seeks to quash SUWA's subpoena on the grounds that the subpoena exceeds the scope of SUWA's participation as a permissive intervenor and that many of the requested documents are privileged. The court disagrees with the State's reasoning but nevertheless concludes the subpoena should be stricken in its current form.

The intervention order that governs SUWA's involvement in this case states: "The parties shall produce a copy of all discovery to SUWA. SUWA may, to the extent not duplicative of discovery by other parties, issue reasonable subpoenas to third parties to obtain documents of interest to the respective Road Cases." (Second Amended Permissive Intervention Order, ECF No. 184.) The State now argues that the instant subpoena exceeds SUWA's authority under this language because it was served upon AGRC, which the State contends is a party to this litigation

---

[2] The court notes SUWA's alternative argument that the State failed to follow the short form discovery process set out in the local rules for the District of Utah. Because the case was pending before those rules were adopted and this is the first instance where such rules might apply, the court will not strike on that basis. The parties shall, however, follow the short form rules moving forward. The court will enter a separate order clarifying this requirement.

as an executive state agency. SUWA argues that AGRC is independent of the State Attorney General and is therefore not a party to this litigation. The court agrees with SUWA.

First, the court notes there is limited authority on this issue, as noted forty years ago by the United States District Court for the District of Columbia when confronted with a similar question involving agencies within the executive branch of the United States. *U.S. v. Amer. Tel. & Tel. Co.*, 461 F. Supp. 1314, 1333 (D. D.C. 1978). And the State has pointed the court to no authority to support its position that AGRC's contractual relationship with PLPCO, an executive agency that is working in conjunction with but not under the control of the Attorney General in this litigation, makes AGRC a party to this litigation.

Courts that have dealt with these issues in the state agency context have resisted treating various state agencies as parties when there is a "duality of the State's executive branches" such that the states' attorneys general cannot "force the separate state entities to produce documents." *United States v. Am. Express Co.*, Case No. 10-cv-4496 (NGG) (RER), 2011 WL 13073683 (E.D. N.Y. July 29, 2011) (citing *Colorado et al. v. Warner Chilcott Holdings Co. III, Ltd.*, No. 05-cv-2182, (Slip Op. (D.D.C. May 8, 2007)). In such instances, courts should presume "separate governmental agencies under state law will not be aggregated together, without the showing of much more." *New York ex rel. Boardman v. Nat'l R.R. Passenger Corp.*, 233 F.RD. 259, 264 (N.D. N.Y. 2006).

In Utah, the executive branch "consist[s] of Governor, Lieutenant Governor, State Auditor, State Treasurer, and Attorney General." Utah Constitution, Article VII, section 1. Each officer is an "elective constitutional officer[]." *Id.* They hold separate duties, though the Governor may direct the Attorney General to take certain actions. Specifically, the Utah

Constitution vests the executive power of the state in the Governor while the Attorney General is "the legal adviser of the State officers . . . and shall perform such duties as provided by law." *Id.*, Article VII, sections 5(1) and 16. The Utah Legislature has therefore empowered the Governor to "direct the attorney general to appear on behalf of the state" "[w]henever any suit or legal proceeding is pending . . . which may affect the title of this state to any property." Utah Code Ann. § 67-1-1. In this way the Governor may direct the Attorney General, but the Attorney General has no such reciprocal power to control the Governor or agencies organized under his authority.

SUWA served its subpoena on AGRC, which is a division within the Utah Department of Technology Services (DTS). (Affidavit of Stephanie Weteling, ECF No. 368-2.) DTS is an agency organized under the authority of the Governor. (Motion to Quash 6, ECF No. 368; Utah Organizational Chart, SUWA's Response to Quash 4, ECF No. 380.) PLPCO is similarly under the Governor's authority. (Motion to Quash 6, ECF No. 368.) And while the State represents that PLPCO is an active part of the development of this litigation, it states no basis for concluding PLPCO is subordinate to the Attorney General such that the Attorney General could require its compliance in discovery. Therefore, based on the unique circumstances of this case, the court concludes that the State has not demonstrated that AGRC is a party to this litigation and therefore concludes that SUWA can subpoena AGRC as a third party.

Additionally, while it may be possible that some of the documents subject to the subpoena are privileged, privilege is not properly invoked at this time. The court notes, for the benefit of the parties as they proceed, that any such objections would be reviewed in light of *SUWA v. Automate Geographic Reference Center*, 200 P.3d 643 (Utah 2008).

Nevertheless, the court determines that SUWA's subpoena exceeds the scope of the intervention order because the subpoena is not reasonable. The subpoena seeks all documents related to R.S. 2477 rights-of-way in Kane and Garfield counties for five categories of information. At this time the parties' discovery is limited to ongoing preservation depositions in the various counties and discovery in preparation for the bellwether trial of fifteen roads in Kane County. SUWA's request is unrelated to the preservation process and is overly broad for the bellwether process. Therefore, the court GRANTS the motion to quash the subpoena but acknowledges that SUWA may be able to prepare a more narrowly drafted subpoena seeking a smaller category of information relevant to its preparation for the fifteen road bellwether trial.

**Conclusion**

The court hereby DENIES SUWA's Motion to Strike and GRANTS the State's Motion to Quash. It authorizes SUWA to file a subpoena tailored to the fifteen roads now at issue in the bellwether trial. If SUWA issues such a subpoena and the State believes some documents are protected by a privilege, the State may raise such objections at that time.

DATED this 9th day of May, 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Judge