UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE: JOINTLY MANAGED R.S. 2477 ROAD CASES LITIGATION,[1] | **MEMORANDUM DECISION GRANTING MOTION FOR RELIEF** |
| KANE COUNTY (2), (3), and (4), UTAH, a Utah political subdivision; GARFIELD COUNTY (1), UTAH, a Utah political subdivision; and STATE OF UTAH | Case Nos: 2:10-cv-1073 <br> 2:11-cv-1045 |
| Plaintiffs and Intervenor Plaintiffs, | Judge Clark Waddoups |
| vs. | |
| UNITED STATES OF AMERICA et al., | |
| Defendants, and | |
| SOUTHERN UTAH WILDERNESS ALLIANCE, et al., | |
| Permissive Intervenor-Defendants. | |

---

[1] Certain R.S. 2477 road cases have been transferred to Judge Waddoups for case management purposes only. For simplicity, case management orders addressing any of these cases shall be referred to as "In re: Jointly Managed R.S. 2477 Road Cases Litigation." The caption, however, lists the particular case numbers to which this order pertains and this order shall be docketed in each of the listed cases.

This matter is before the court on a Motion for Relief filed by Kane County, Utah; Garfield County, Utah; and the State of Utah ("Plaintiffs").[2] Plaintiffs assert there are "significant and growing transportation and public safety problems that require prompt attention" on three roads. Mot. for Relief, at 2.[3] Hole-in-the-Rock Road stretches through two counties. It is identified as G9000 in Garfield County and K9000 in Kane County and comprises two of the roads. The third road is K6000 House Rock Valley Road in Kane County. Plaintiffs seek for a speedier determination on their R.S. 2477 claims for these three roads to address the alleged safety problems. For the reasons stated below, the court grants Plaintiffs' motion on an alternative ground raised by the parties.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed *Kane County (2)* in 2010 and *Garfield County (1)* in 2011. In 2013, comprehensive case management orders were entered to manage over twenty R.S. 2477 road cases, involving more than 12,000 roads, that were pending in this district. *See e.g.*, Case Mgmt. Order, at 2 (ECF No. 54 in 2:11-cv-1045). *Kane County (2)* and *Garfield County (1)* were designated as active cases, and other road cases were stayed.[4] Because the two active cases "put at issue the

---

[2] The same Motion for Relief has been filed in *Kane County (2)* and *Garfield County (1)*. *See* Motion for Relief (ECF No. 734 in Case No. 2:10-cv-1073); Motion for Relief (ECF No. 315 in Case No. 2:11-cv-1045).

[3] Pincites to the record refer to the ECF numbering at the top of the page and not to numbering at the bottom of a page.

[4] Kane County is not subject to the Case Management Order, but the State of Utah, as Plaintiff-Intervenor in *Kane County (2)* is subject to it. *See* Case Mgmt. Order, at 2 (ECF No. 78 in Case No. 2:10-cv-1073) (stating Kane County did not enter into a stipulated agreement).

rights of way of 1,510 roads," the court determined approximately "22 court years" would be needed to resolve those two cases. Bellwether Order, at 2 (ECF No. 238 in 2:10-cv-1073).

To address the concern, the court developed a bellwether process where select roads from both cases were to be chosen as being representative of legal issues requiring further development under the law. *Id.* at 2–3. Following resolution of such issues, "the findings and judgments [would] then become the bases for a global resolution" of the other pending road cases. *Id.* at 2. *Kane County (2)* was selected to be the first bellwether trial. *Id.* at 3. On March 16, 2018, the court entered an Order Amending Bellwether Management Order (ECF No. 379 in Case No. 2:10-cv-1073), which identified fifteen roads in Kane County that had been selected for the bellwether trial. Included on the list was "K9000 (Hole-in-the-Rock)." *Id.* at 2. Accordingly, the Hole-in-the Rock segment through Kane County is already before the court. That said, significant delays have occurred in bringing the first bellwether trial to conclusion.

In the nine years following entry of the Case Management Orders, road conditions have not remained static. Plaintiffs assert there has been increased travel on the full length of the Hole-in-the-Rock Road and on the House Rock Valley Road. Such travel has allegedly degraded the roads and caused safety concerns due to damage to vehicles and "livestock deaths from pulling trailers on the damaged [Hole-in-the-Rock] road." Letter, at 3–4 (ECF No. 315-1 in Case No. 2:11-cv-1045).

On May 3, 2022, Garfield County sent a letter to Ade' Nelson, Acting Monument Manager of the Grand Staircase Escalante National Monument, which informed the Bureau of Land Management ("BLM") that road conditions for the Hole-in-the-Rock Road in Garfield County required improving the road with chip seal. *Id.* at 2. Garfield County requested that the BLM

"exercise its legal authority to make a determination for its own purposes with regard to the County's claimed R.S. 2477 right-of-way on the [road]." *Id.* It also asked the BLM to begin the consultation process on the proposed improvement. *Id.*

On June 2, 2022, the BLM responded and "decline[d] to exercise its discretion to . . . initiate a non-binding determination." Letter, at 6 (ECF No. 315-1 in Case No. 2:11-cv-1045). "Instead, the BLM" stated it would "wait until the court resolves the County's pending Quiet Title Act (QTA) claim in *Garfield Co.*" *Id.* To put that into perspective, no roads have been selected yet for the bellwether process in *Garfield County (1)*, and it is unknown if the Hole-in-the-Rock section through Garfield County will be part of that selection. Even if it is, it likely will be many years before title to the road is determined under the present Case Management Order.

Yet, in the same letter, the BLM stated "[w]ithout a [QTA] determination, the BLM will not consider the County's proposed improvement." *Id.* The BLM recommended that Garfield County apply for a Title V permit, and it admonished that even the gravel restoration work that Garfield County did to address safety "may have exceeded prior maintenance." *Id.* at 7.

As for the House Rock Valley Road, in 2019, Kane County notified the BLM about concerns with the stretch through the Buckskin Wash crossing "because of the many vehicles that get stuck" after a weather event. Letter, at 2 (ECF No. 734-3 in Case No. 2:10-cv-1073). Kane County requested permission to place "several 8ft by 8ft box culverts" in the wash to increase safety. *Id.* The BLM has not approved the project.

The complexity of these cases and other conditions have slowed resolution of the bellwether roads. As indicated above, adjudication of the bellwether roads in *Garfield County (1)* and the non-bellwether roads in *Kane County (2)* may not be for some years. Consequently,

4

Garfield County and Kane County seek for more immediate relief to address present safety concerns.

Initially, Plaintiffs moved for the Court to lift a stay and order "the BLM to initially determine the status of [the] roads and to consult with the Plaintiffs regarding proposed improvements." Mot. for Relief, at 3 (ECF No. 734 in Case No. 2:10-cv-1073). The United States opposed the "motion as based on a flawed factual premise and oppose[d] the specific requests for relief as outside the scope of these cases and beyond the Court's jurisdiction." Mem. in Opp'n at 2 (ECF No. 736). It stated, however, that "the United States may not be opposed to appropriate case management adjustments, to the extent that they may address Plaintiffs' underlying concerns." *Id.* The United States requested, during a status conference, that if the Case Management Orders are to be modified, that the parties be allowed to consult on what the modification should be.

In its reply brief, Plaintiffs "accept[ed] the United States' offer to adjust the case management orders to get to a speedy resolution." Reply Brief, at 3 (ECF No. 739). Plaintiffs further request that they be allowed "to prove their ownership, including by way of motions for summary judgment." *Id.* at 6.

## ANALYSIS

In *Southern Utah Wilderness Alliance v. Bureau of Land Management*, 425 F.3d 735, 745 (10th Cir. 2005) (hereinafter "*SUWA Decision*"), the Tenth Circuit held "that the holder of an R.S. 2477 right of way across federal land must consult with the appropriate federal land management agency before it undertakes any improvements to an R.S. 2477 right of way beyond routine maintenance." The Tenth Circuit also held that a federal "agency may not use its authority, either

5

by delay or by unreasonable disapproval, to impair the rights of the *holder* of the R.S. 2477 right of way." *Id.* at 748 (emphasis added).  Although the Tenth Circuit held that "the establishment of R.S. 2477 rights of way required no administrative formalities," *id.* at 741, it never expressly defined in the *SUWA Decision* who a "holder" was.

The United States has taken the position that Plaintiffs cannot be a holder, and no consultation is required, unless a court has adjudicated title to an R.S. 2477 road in Plaintiffs' favor.[5]  Whether the United States' position is correct is an issue for another day.

For now, the parties appear to be in agreement that modification of the Case Management Order will result in a speedier resolution.  Because the needed modifications are limited in scope, the court concludes no consultation between the parties is needed.  Accordingly, the court grants Plaintiffs' Motion for Relief for the alternative relief of case management order modification.

## CONCLUSION

For the reasons stated above, the court GRANTS the Motion for Relief (ECF No. 734 in Case No. 2:10-cv-1073; and ECF No. 315 in Case No. 2:11-cv-1045), for the alternative relief of case management order modification.  Separate case management orders will be issued concurrently with this decision.

DATED this 10th day of November, 2022.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[5]  The United States acknowledges that an informal determination by the BLM also can establish "holder" status, but the BLM has declined to make such a determination in these cases based on its discretionary authority.