IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY, UTAH (2), (3) and (4), a Utah political subdivision; and STATE OF UTAH,<br><br>    Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant,<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, et al.,<br><br>    Permissive Intervenor-Defendants. | **MEMORANDUM DECISION AND ORDER RE: MOTIONS TO DISMISS** and **REQUEST FOR ADDITIONAL BRIEFING**<br><br>Case No. 2:10-cv-01073<br>Consolidated with:2:11-cv-1031 and 2:12-cv-476<br><br>Case No. 2:11-cv-1045<br><br>Judge Clark Waddoups |
| GARFIELD COUNTY (1) AND (2), a Utah political subdivision; and STATE OF UTAH,<br><br>    Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant,<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, et al.,<br><br>    Permissive Intervenor-Defendants. | |

## INTRODUCTION

This matter is before the court on the United States' motions to dismiss fifteen Bellwether Road claims, along with the K6000 House Rock Valley Road in Kane County and the G9000 Hole-in-the Rock Road as it stretches through Garfield County. The United States asserts that the court lacks subject matter jurisdiction, due to no case or controversy, for eight of the roads. It further asserts the remaining nine road claims are barred by a statute of limitations. Of those nine, the United States asserts Utah's seven-year statute of limitations, Utah Code Ann. § 78B-2-201, bars all nine, but even if the seven-year statute of limitations is not applicable, three of the roads are barred by the federal Quiet Title Act's ("QTA") twelve-year statute of limitations, 28 U.S.C. § 2409a. The court denies in part the United States' motions to dismiss, and requests additional briefing.

**I.     UTAH'S STATUTE OF LIMITATIONS**

    **A.     Statute of Limitations Not Applicable for Quiet Title Actions**

The United States asserts Section 78B-2-201 of the Utah Code bars the State's claims on nine roads[1] because the State brought suit more than seven years after the United States disputed title. The state statute provides: "(1) The state may not bring an action against any person for or with respect to any real property, its issues or profits, based upon the state's right or title to the real property, unless: (a) the right or title to the property accrued within seven years before any action or other proceeding is commenced." *Id.* § 78B-2-201(1)(a).

---

[1] The nine roads are: K1410; K6200 Paria River; K6290 Rushbeds; K6290 Rushbed Springs; K7020; K7025; K7050 Blue Trail; K7300 Last Chance; and K8650 Grand Bench Neck.

The State responded that the seven-year statute of limitations is inapplicable to true quiet title actions. State Mem. in Opp'n, at 27–36 (ECF No. 686).[2] It cited and discussed several Utah Supreme Court cases for this proposition, such as *In re Hoopiiaina Trust*, 2006 UT 53, 144 P.3d 1129 (Utah 2006) (addressing perfecting trust assets) and *WDIS, LLC v. Hi-Country Estates Homeowners Assoc.*, 449 P.3d 171 (Utah 2019) (addressing scope of HOA over landowners' title). In the cited cases, the Utah Supreme Court distinguished between title that has vested and title that is perfected. It stated, "[a] true quiet title action is a suit brought to quiet an *existing* title against an adverse or hostile claim of another, and the effect of a decree quieting title is not to *vest* title but rather is to *perfect* an existing title as against other claimants." *In re Hoopiiaina Trust*, 2006 UT 53, ¶ 26, 144 P.3d at 1137 (quotations and citations omitted) (emphasis in original). To ensure that invalid claims can be removed from title, the Court held that true quiet title actions "are not subject to a statute of limitations." *Id.* ¶ 28. The Court held such because that has been the law of Utah at least since 1915. *Id.* ¶¶ 22–23 (citing *Branting v. Salt Lake City*, 153 P. 995 (1915)).

The United States did not respond to this argument nor address established caselaw. This court concludes that R.S. 2477 claims brought under the Quiet Title Act are true quiet title claims. Thus, Utah's seven-year statute of limitations is inapplicable based on Utah law.

**B.     More Particular Statute Applies**

The seven-year statute of limitations also is inapplicable because a more particular statute applies. "[P]ursuant to 28 U.S.C. § 1346(f), Congress has specified that federal courts have exclusive jurisdiction over quiet title actions against the United States." *Abdo v. Reyes*, 91 F.

---

[2] When the court cites to the record, pincites refer to the ECF number at the top of the page and not to pagination at the bottom of the page.

Supp. 3d 1225, 1230 (D. Utah 2015). Quiet title actions are brought under 28 U.S.C. § 2409a. This court noted in *Abdo* that "if a state or county imposed a condition on itself that would limit its ability to proceed in an action against the United States, . . . nothing in the [Quiet Title Act] appears to preclude such a condition." *Abdo*, 91 F. Supp. 3d at 1230.

This court also noted, however, that "a well-known statutory rule of construction" requires more "'specific statutes [to] control over more general ones.'" *Id.* at 1232 n.5 (quoting *Peak Alarm Co., Inc. v. Salt Lake City Corp.*, 2013 UT 8, ¶ 19, 297 P.3d 592). The rule of statutory construct is consistent with Section 78B-2-102 of the Utah Code, which states the statutes of limitation set forth in Chapter 2 apply, "except in specific cases where a different limitation is prescribed by statute." Additionally, the Utah Supreme Court has stated Section 78B-2-102 "clearly contemplates that the statutes of limitation in Title 78B may be displaced by other, more specific statutes." *Peak Alarm Co., Inc.*, 2013 UT 8, ¶ 20.

This court concludes the statute of limitations under 28 U.S.C. § 2409a is more particular. It applies to quiet title actions against the United States rather than the general actions stated under Utah Code Ann. § 78B-2-201. Thus, the seven-year statute of limitations also is inapplicable for that reason.

      **C.**    **Person**

An issue about the definition of "person" also has been raised. As stated above, Section 78B-2-201 provides, "(1) The state may not bring an action against any *person* for or with respect to any real property," if the claim arose more than seven years earlier. Utah Code Ann. § 78B-2-201(1)(a) (emphasis added). The United States asserts that the seven-year statute of limitations applies because the United States is included within the definition of a "person." The

4

United States contends the Utah Supreme Court necessarily decided this issue in its favor in *Garfield County v. United States*, 2017 UT 41, 424 P.3d 46.  Mot. to Dismiss, at 10 n.1 (ECF No. 671); Reply in Supp., at 28–29 (ECF No. 704).  This court disagrees.  The Utah Supreme Court stated, "there are persuasive arguments both for and against reading the word 'person' to include the United States."  *Garfield Cty.*, 2017 UT 41, ¶ 12 n.25.  Due to "the strength of [the] competing arguments," the Court found "it sufficient *to assume* for purposes of this opinion that the word 'person' in section 201 and its predecessor includes the United States."  *Id.* (emphasis added).  When a court notes that there are competing arguments and *assumes* something for purposes of the decision, the court has not reached the issue and it remains an open question. Thus, whether the United States is a "person" under Section 78B-2-201 has not been resolved.

The issue potentially has far-reaching implications.  A significant portion of the land within the State is owned and managed by the federal government.  Kane County noted "there are millions of acres of lands that were granted to the State by the United States, but have not been the subject of a title suit."  Mem. in Opp'n, at 29 (ECF No. 691).  It then stated, "[t]he Court should take pause and question why the United States is now asking for a finding that Section 201 applies to bar such title suits."  *Id.*  Kane County's question highlights the challenge of legislating for a future when one does not have a crystal ball, and the importance of not just rules of construct, but rules of exception.

For example, the Utah legislature has specified the rules of statutory construction must be followed unless "the construction would be: (i) inconsistent with the manifest intent of the Legislature; or (ii) repugnant to the context of the statute."  Utah Code Ann. § 68-3-12(1)(a)(i)–(ii).  Those rules of exception hedge against future situations that are unknown at the time of

5

legislating but would be harmful to the State were the rules of statutory construction strictly applied.

To the extent the United States contends the State meant to divest itself of the opportunity to pursue a quiet title action against the United States before the State even could sue the United States,[3] the court understands why the Utah Supreme Court found the absurdity doctrine applied to a similar argument in *Garfield County*. It seems such a construct would be contrary to legislative intent and repugnant to the context of the statute. To give effect to legislative intent, it further seems the most logical interpretation of the statute would be to find that the United States is not included within the definition of a "person." The court does not reach the issue, however, because the other reasons stated above show that the seven-year statute of limitations is not applicable to R.S. 2477 claims to quiet title. Were the court to reach the issue, it would be doing so without that needed clarity about the future to understand the scope of such a declaration. Accordingly, that issue must wait for another day.

## II. FEDERAL QTA'S STATUTE OF LIMITATIONS

The United States asserts even if Utah's seven-year statute of limitations does not apply, the federal QTA still bars three of the Bellwether roads because the United States disputed Plaintiffs' title to the three roads more than twelve years ago. The three roads are: K6280

---

[3] The Utah statute at issue was instituted in substantially the same form while Utah was still a territory. *See* Act of Feb. 16, 1872, § 3 (ECF No. 691-3 at 4). The Quiet Title Act was not passed until 1972. Act of Oct. 25, 1972, Pub.L. No. 92–562, 86 Stat. 1176, codified at 28 U.S.C. § 2409a. "Only upon passage of the QTA did the United States waive its immunity with respect to suits involving title to land. Prior to 1972, States and all others asserting title to land claims by the United States had only limited means of obtaining a resolution of a title dispute—they could attempt to induce the United States to file a quiet title action against them, or they could petition Congress or the Executive for discretionary relief." *Block v. North Dakota ex rel. Bd. of University and School Lands*, 461 U.S. 273, 280 (1983).

Rushbed; K6290 Rushbed Springs; and K1410. The court will address the three roads at the same time as it issues its ruling on the jurisdictional road claims.

### III. JURISDICTION ON TITLE DISPUTES

The United States asserts the court lacks subject matter jurisdiction on the eight[4] remaining roads because it has not disputed Plaintiffs' title, meaning that the United States has neither affirmed nor denied Plaintiffs' title and all roads are open to motor vehicles.

On November 10, 2022, this court issued a Memorandum Decision (ECF No. 753), addressing modifications to the Case Management Order in this case. Plaintiffs had asserted road safety was becoming critical on certain roads, and that the Bureau of Land Management ("BLM") refused to consult with them for improvements because they were not "holders" of an R.S. 2477 title. Mot. for Relief, at 2–3, 7 (ECF No. 734). According to the United States, Plaintiffs cannot be a "holder" unless (1) title has been adjudicated by a court, or (2) the BLM has administratively determined the validity of an R.S. 2477 claim for its own purposes. *See* Mem. in Opp'n to Mot. for Relief, at 4–5 (ECF No. 736) (declining to exercise its discretionary authority to make initial determinations and declaring it has no obligation to consult absent a court quieting title in County's favor).

In its November 2022 Memorandum Decision, this court raised a question about whether the United States' position was legally correct. The court noted the following:

> In *Southern Utah Wilderness Alliance v. Bureau of Land Management*, 425 F.3d 735, 745 (10th Cir. 2005) (hereinafter "*SUWA Decision*"), the Tenth Circuit held "that the holder of an

---

[4] The eight remaining roads are: K1300 Elephant Cove; K4200 Kitchen Corral; K4500 Willis Creek; K8200 Sit Down Bench; K8600 Little Valley; K6000 House Rock Valley Road; K9000 Hole-in-the-Rock as it traverses Kane County; and G9000 Hole-in-the-Rock as it traverses Garfield County.

7

> R.S. 2477 right of way across federal land must consult with the appropriate federal land management agency before it undertakes any improvements to an R.S. 2477 right of way beyond routine maintenance." The Tenth Circuit also held that a federal "agency may not use its authority, either by delay or by unreasonable disapproval, to impair the rights of the *holder* of the R.S. 2477 right of way." *Id.* at 748 (emphasis added). Although the Tenth Circuit held that "the establishment of R.S. 2477 rights of way required no administrative formalities," *id.* at 741, it never expressly defined in the *SUWA Decision* who a "holder" was.

Mem. Dec., at 5–6 (ECF No. 753).

Besides the United States being prohibited from using "its authority, either by delay or by unreasonable disapproval, to impair the rights of the holder of the R.S. 2477 right of way," the Tenth Circuit concluded the United States also lacked "authority to make binding determinations on the validity of the rights of way granted" under R.S. 2477. *SUWA Decision*, 425 F.3d at 748, 752, 757. One basis for its conclusion was that Congress has prohibited "the Department of Interior from issuing final rules governing R.S. 2477." *Id.* at 756.

Yet, it appears the United States has defined "holder" in such a way so as to defeat having to consult with the State and County on the majority of open roads. Moreover, the United States' definition also has the effect of precluding the State or County from filing a Quiet Title Action. The court recognizes that the United States may refuse to disclaim title without creating a case or controversy. The United States also may refuse to enter into informal determinations of title without creating a case or controversy. The act of refusing to consult on a road improvement, however, appears to stand on different footing.

The Tenth Circuit stated in the *SUWA Decision* that because "FLPMA explicitly preserved and protected R.S. 2477 rights of way *in existence* as of October 21, 1976, *and that those rights have the status of vested real property rights*, any post-1976 changes in agency

8

interpretation of the repealed statute have questionable applicability." *SUWA Decision*, 425 F.3d at 760 (emphasis added). Moreover, the Court stated, "it is hard to square . . . law-changing discretion with the concept of property rights that vested, if at all, on or before a date almost 30 years ago.[5]" *Id.*

As applied to this case, prior to 1976, the State and County had the eight relevant roads open to motor vehicles and in use under their management and supervision. When FLPMA was passed, that law preserved those rights, meaning the law preserved the State and County's property rights that had *vested*. The United States' definition of a "holder," however, has interfered with the State and County's ability to maintain the roads and the United States' obligation to consult with the State and County on any improvements.

The Utah Supreme Court has articulated well the difference between vested title and perfected title. A quiet title action perfects title such that one can no longer dispute who the title owner may be. It does not vest title. This means even if one never brings an R.S. 2477 title issue to court, it does not remove vested title. This is so not only under Utah law, but also under federal law.

The United States Supreme Court has stated the QTA "does *not* purport to effectuate a transfer of title." *Block v. North Dakota ex rel. Bd. of University and School Lands*, 461 U.S. 273, 291 (1983) (emphasis added). Even in situations where the QTA statute of limitations has run, the QTA "does not purport to strip any State, or anyone else for that matter, of any property rights." *Id.* Had Congress done so by statute, the United States Supreme Court opined it

---

[5] That observation was made in 2005, five years before *Kane County (2)* was filed. It has now been 47 years since FLPMA passed.

"would constitute a taking of the State's property without just compensation, in violation of the Fifth Amendment." *Id.* Thus, once title has vested, absent eminent domain, title remains with the title holder "regardless of whether [one's] suit to quiet its title is time-barred under [the QTA]." *Id.* at 292 & n.27. A vested, but non-perfected property right, still means something.

Because the QTA only perfects title and does not vest title, the United States' definition of a "holder" appears to interfere with vested R.S. 2477 property rights. The United States may always bring an action to quiet title because the QTA's statute of limitations bars suits against the United States, not suits by the United States against others. Consequently, if the United States concludes at some future date that the State and County have no *vested* R.S. 2477 rights, it may sue to dispute vesting and seek to perfect title in its favor. Until the United States disputes vested title, however, the *SUWA Decision* and FLPMA appear to recognize the State and County hold property rights that vested in 1976.

To the extent the United States has interfered with the State and County's rights to maintain the eight roads, or to the extent the United States has refused to consult with the State and County on whether road improvements are appropriate, the United States seems to do so on the basis that the State and County are not a "holder," which position appears to contest the State and County have a vested R.S. 2477 property right. The act itself of refusing to consult on a road improvement appears to constitute a denial that the State and County hold a vested R.S. 2477 right, which denial arguably seems sufficient to trigger the case or controversy requirement of the Quiet Title Act.

## ADDITIONAL BRIEFING

Based on the above issues, the court requests briefing on the following:

1. As stated above, until title is perfected, the United States retains the right to challenge a claimed right-of-way at any time. It is clear, however, that a vested right is different from perfected title under *Block*. Consequently, the parties should brief what the proper definition is of a "holder" of an R.S. 2477 right-of-way?

2. If a "holder" includes one who holds a vested property right, even if title has not been perfected, does the act of refusing to consult on a road improvement, or the act of refusing to allow regular maintenance, constitute a denial that the State and County hold an R.S. 2477 right, so as to trigger the case or controversy requirement under the QTA?

3. If so, the parties shall brief when the statute of limitations was triggered, if at all, for the remaining eight roads at issue.

## SCHEDULING ORDER

The United States is the movant on the motion to dismiss. Accordingly, the following briefing schedule shall apply:

1. United States' opening supplemental brief shall be filed on or before November 7, 2023;

2. The State and County's responsive briefs shall be filed on or before December 8, 2023;

3. United States' reply brief shall be filed on or before December 22, 2023.

## CONCLUSION

For the reasons stated above, the court denies in part the United States' Motions to Dismiss (ECF Nos. 671, 755). Specifically, the court concludes Utah's seven-year statute of

limitations does not bar the Bellwether road claims. The court will address the QTA statute of limitations claims at the same time that it addresses the jurisdictional claims. The parties shall submit additional briefing as set forth above.

SO ORDERED this 6th day of October, 2023.

BY THE COURT:

Clark Waddoups
United States District Judge