IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY, UTAH (2), (3) and (4), a Utah political subdivision; and STATE OF UTAH,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, et al.,<br><br>Intervenor-Defendants. | **MEMORANDUM DECISION AND ORDER RE: HOUSE ROCK VALLEY ROAD AND HOLE-IN-THE-ROCK ROAD**<br><br>Case No. 2:10-cv-1073<br>   *Consolidated with*:<br>   2:11-cv-1031<br>   2:12-cv-476<br><br>Case No. 2:11-cv-1045 |
| GARFIELD COUNTY (1) and (2), a Utah political subdivision; and STATE OF UTAH,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, et al.,<br><br>Intervenor-Defendants. | Judge Clark Waddoups |

In February 2020, the court held a bench trial in *Kane County, Utah (2), (3), (4) v. United States* to determine whether the specified Bellwether roads are rights-of-way under R.S. 2477. One of the original Bellwether roads is the K9000 Hole-in-the-Rock Road in Kane County, Utah.

Thereafter, two other roads were added to the Bellwether process to obtain "a more expeditious title resolution . . . due to [the roads'] alleged unsafe travel conditions." *Kane Cnty., Utah (2), (3) & (4) v. United States*, No. 2:10-CV-1073, 2024 WL 3760024, at *3 (D. Utah Aug. 9, 2024), *supplemented sub nom. Kane Cnty. v. United States*, No. 2:10-CV-1073, 2024 WL 4285110 (D. Utah Sept. 25, 2024). Those two roads are the K6000 House Rock Valley Road in Kane County, Utah and the stretch of the G9000 Hole-in-the-Rock Road in Garfield County, Utah.

Pursuant to the Quiet Title Act, 28 U.S.C. § 2409a, now before the court is Kane County and the State of Utah's motion for summary judgment to quiet title in their favor for the K6000 House Rock Valley Road. Also before the court is Garfield County and the State of Utah's motion for summary judgment to quiet title in their favor for the G9000 Hole-in-the-Rock Road.

The United States filed a Combined Opposition to Plaintiffs' Motions for Summary Judgment. When opposing a summary judgment motion, local rule DUCivR 56-1(c)(3) specifies:

> A party must restate only those specific facts the opposing party contends are genuinely disputed or immaterial, providing a concise statement explaining why the fact is disputed or immaterial, and cite to the evidence used to refute the fact.

The United States complied with the local rule by stating it does not dispute any fact stated by Plaintiffs in either motion. Mem. in Opp'n, at 4 n.1 (ECF No. 840 in Case No. 2:10-cv-1073; ECF No. 362 in Case No. 2:11-cv-1045).[1] To the extent a conclusion of law is stated expressly or by

---

[1] The pincite refers to the ECF page numbering at the top of the page.

2

implication in the fact section, the United States' acceptance of facts does not extend to any such legal statements. *Id.* In addition to not disputing any fact stated by Plaintiffs, the United States presented no evidence of its own.

Instead, its opposition to summary judgment focuses on contesting that Plaintiffs have presented sufficient evidence to meet Plaintiffs' burden of proof. In particular, the United States contends Plaintiffs have failed to show the two roads were constructed and that they meet the definition of a highway. The court disagrees. Even when drawing all reasonable inferences in the light most favorable to the United States, Plaintiffs have presented sufficient evidence. Accordingly, the court grants Plaintiffs' motions for summary judgment. Based on the record, including the bench trial and post-trial briefing, the court also quiets title in favor of Kane County and the State of Utah concerning the K9000 Hole-in-the-Rock Road.

In a subsequent memorandum decision addressing the other Bellwether roads, the court will detail its analysis and conclusions as to why the K6000 House Rock Valley Road, K9000 Hole-in-the-Rock Road, and G9000 Hole-in-the-Rock Road meet the requirements to be R.S. 2477 rights-of-way. Issues pertaining to scope are reserved for later proceedings.

## **CONCLUSION**

Plaintiffs Kane County, Utah and the State of Utah's Motion for Partial Summary Judgment (ECF No. 818) is GRANTED, whereby title in the K6000 House Rock Valley Road is quieted in Plaintiffs' favor as an R.S. 2477 right-of-way.

Plaintiffs Garfield County, Utah and the State of Utah's Motion for Partial Summary Judgment (ECF No. 352 in Case No. 2:11-cv-1045; ECF No. 825 in Case No. 2:10-cv-1073) is

GRANTED, whereby title in the G9000 Hole-in-the-Rock Road is quieted in Plaintiffs' favor as an R.S. 2477 right-of-way.

Based on the record, including evidence presented at a bench trial in February 2020 and post-trial briefing, and pursuant to 28 U.S.C. § 2409a, Plaintiffs Kane County, Utah and the State of Utah's claim to Quiet Title in the K9000 Hole-in-the-Rock Road is GRANTED in Plaintiffs' favor as an R.S. 2477 right-of-way.[2]

The court will issue a separate memorandum decision detailing the court's analysis and conclusions. Issues pertaining to scope for these three roads are reserved for future proceedings.

SO ORDERED this 23rd day of July, 2025.

BY THE COURT:

*/s/ Clark Waddoups*
Clark Waddoups
United States District Judge

---

[2] This ruling is not meant to be indicative of how the court will rule for the other Bellwether roads that were the subject of the February 2020 bench trial.